Michelle LANDER, Plaintiff–Appellant,

v.

BANK OF AMERICA CORPORATION, a Delaware corporation, Defendant–Appellee.

No. 12–55674.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2016.*

Filed March 23, 2016.

Michelle Lander, Van Nuys, CA, pro se.

John Douglas Pingel, Esquire, David Jason De Jesus, Esquire, Benjamin David Spohn, Esquire, Counsel, Reed Smith LLP, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Michelle Lander appeals pro se from the district court's judgment dismissing her diversity action alleging a quiet title claim. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's decision to dismiss without leave to amend. *Lopez v. Smith,*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm.

The district court did not abuse its discretion by dismissing without leave to amend because the deficiencies identified by the district court in Lander's quiet title claim could not be cured by amendment. *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir.2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *see also Lueras v. BAC Home Loans Servicing, LP,* 221 Cal. App.4th 49, 163 Cal.Rptr.3d 804, 835 (2013) ("A borrower may not … quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based."); *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 129 Cal.Rptr.3d 467, 479–80 (2011), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.,* 62 Cal.4th 919, 199 Cal.Rptr.3d 66, 365 P.3d 845 (Cal.2016) (rejecting argument that MERS lacked the authority to assign a promissory note because it was merely a nominee of the lender and had no interest in the note).

Bank of America Corporation's motion to strike a portion of Lander's reply brief is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.